UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00007-1-JRG |
| | ) | |
| CHRISTOPHER ISAAC LOWE | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's letter [Doc 421], which the Court construes as a motion, and the United States' Response in Opposition [Doc. 295, No. 2:16-CR-0006-1]. Acting pro se, Defendant moves the Court to order his early release from prison "on compassionate release" or to order his release to home confinement because of the COVID-19 pandemic, citing an underlying lung condition. Defendant, however, does not claim that either he or any other inmate in his facility has contracted COVID-19, and he does not rely on any statutory authority to support his request for early release. [Def.'s Mot. at 1].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under 18 U.S.C. § 3624(c)(2), the Director of the Bureau of Prisons has the power to place a prisoner in home confinement "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." And under § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), "if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section

3624(c)(2)." But neither of these statutes vests decision-making authority in the federal district courts; rather, they place decision-making authority solely with the Attorney General and the Director of the Bureau of Prisons. *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *2 (E.D. Tenn. Apr. 15, 2020). The Court therefore does not have authority to grant relief to Defendant under the CARES Act. *Id.*

Alternatively, although 18 U.S.C § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). Defendant, however, does not claim or provide the Court with documentation showing that he exhausted his administrative remedies or submitted a request to the warden. The Court therefore cannot consider Defendant's motion for compassionate release to the extent that he raises it under § 3582(c). *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." (citation omitted)); *United States v. Dougherty*, No. 2:18-cr-229-2, 2020 WL 1909964, at *2 (S.D. Ohio Apr. 20, 2020) ("[M]any courts have held that the exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. This court agrees with the reasoning of these courts." (citations omitted));

2

*United States v. Dickson*, No. 1:19-cr-251-17, 2020 WL 1904058, at *2–3 (N.D. Ohio Apr. 17, 2020) (concluding that § 3582(c)(1)(A)'s thirty-day requirement is not waivable "due to the exigent circumstances presented by COVID-19" and noting that it "serves the important purpose of allowing the BOP—an agency that is in a better position to understand an inmate's health and circumstances relative to the rest of the prison population and identify 'extraordinary and compelling reasons' for release—the opportunity to address such requests in the first instance"); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) ("In the past few days, many other courts around the country have also concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic." (citations omitted)). In sum, while the Court sympathizes with Defendant's concerns, it is without authority to grant the relief that he requests, and his motion [Doc. 293] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
